**Harold E. CHARLTON, Jr.,**
**Plaintiff/Appellant,**

**v.**

**Adam G. JEFFRIES,**
**Defendant/Respondent.**

No. 66986.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 20, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 1995.

Case Transferred to Supreme Court Sept. 19, 1995.

Case Retransferred to Court of Appeals Dec. 19, 1995.

Original Opinion Reinstated Jan. 9, 1996.

Branson L. Wood, III, Hannibal, for appellant.

Mark S. Wasinger, Wasinger, Parham, Morthland, Terrell & Wasinger, Hannibal, for respondent.

KAROHL, Judge.

A jury awarded plaintiff Harold E. Charlton, Jr. $7,500 in damages for personal injuries sustained in an automobile accident. The jury assessed 45% fault to Charlton, Jr. and 55% fault to defendant Adam G. Jeffries. Charlton, Jr. appeals, contending the trial court erred in allowing Jeffries and third-party defendant Ronald Wintjen three peremptory challenges each. We reverse and remand for a new trial.

On March 29, 1992, Charlton, Jr. saw a car in a ditch on Route O. He stopped his truck to see if assistance was needed. Wintjen also saw the car in the ditch and stopped his truck. Charlton, Jr. and Wintjen spoke briefly about the car. Jeffries' truck approached from around a corner and hit the

rear of Charlton, Jr.'s truck. Charlton, Jr. sustained injuries to his face, neck and shoulders.

Charlton, Jr. filed a petition against Jeffries and State Farm Mutual Insurance Co., claiming underinsured motorist coverage. The court granted State Farm's motion to dismiss. Jeffries' answer plead comparative fault. Jeffries also filed a third-party petition against Wintjen.

After taking up challenges for cause, the court addressed peremptory challenges. It stated twenty-one jurors would be required to compose the jury panel. Charlton, Jr. objected as follows:

(Counsel for plaintiff): I do need to make an objection on the record on that. That's something we discussed, I don't recall if it was on the record or not, but it's Plaintiff's position that, for the record, that the Third Party Defendant and the Defendant should not each be entitled to three strikes for cause [sic]; and that if they are each going to receive three strikes for cause [sic], that the Plaintiff should receive six strikes for cause [sic]; that there is a commonality of interest between the Defendant and Third Party Defendant on important issues in the case concerning damages and also concerning the type of juror that might be disposed to a defendant's verdict on liability matters; and that under those circumstances that it is a violation of the statutes and the rules to provide for three peremptories [sic] strikes for both the Third Party Defendant and the Defendant.

The court stated it was "utilizing its discretion" and allowed Charlton, Jr., Jeffries and Wintjen three peremptory challenges each. Nine of the first eighteen jurors were removed by peremptory strikes. Ten jurors signed the verdict awarding Charlton, Jr. $7,500 in damages and assessing 45% fault to Charlton, Jr. and 55% fault to Jeffries. Plaintiff offered evidence of $9,357.38 in special damages.

■ Charlton, Jr. contends the trial court erred in allowing three peremptory challenges each to the defendant and the third-party defendant. He argues the trial jury should have been selected from a panel of eighteen petit jurors from which plaintiff would have three peremptory challenges and defendant would share three with the third-party defendant.

Section 494.480.1 RSMo 1994 provides:

In trials of civil causes each party shall be entitled to peremptorily challenge three jurors. When there are multiple plaintiffs or defendants, all plaintiffs and all defendants shall join in their challenges as if there were one plaintiff and one defendant. The court in its discretion may allocate the allowable peremptory challenges among the parties plaintiff or defendant upon good cause shown and as the ends of justice require.

In a case involving a third-party defendant, our Supreme Court held that in civil trials with multiple defendants, each defendant does not have the right to three separate peremptory challenges. *Ward v. City National Bank & Trust Co. of Kansas City,* 379 S.W.2d 614, 617 (Mo.1964). Instead, the defendants must share their three peremptory challenges, even if their interests are adverse. *Id.* Both *Ward* and *Elfrink v. Burlington Northern Railroad Co.,* 845 S.W.2d 607, 613 (Mo.App.E.D.1992) cited *Adair v. N.W. Electric Power Cooperative, Inc.,* 329 S.W.2d 33, 37 (Mo.App.1959) in support of their holding. This court reached the same result as *Ward* in *Elfrink.* Thus, the trial court erred in allowing three peremptory challenges each to the defendant and the third-party defendant.

■ Plaintiff is entitled to a new trial only if the error in allowing defendant and third-party defendant a total of six strikes was prejudicial. *See, Carter v. Tom's Truck Repair, Inc.,* 857 S.W.2d 172, 177 (Mo. banc 1993). The standard was followed in *Carter* where a defendant complained on appeal the allocation of peremptory challenges denied it one challenge. Here, the complaint is the opposite—the court gave defendant and the third-party defendant too many challenges. The standard is the same.

All three of the "extra" venirepersons, 19 to 21, served on the jury. If the court had sustained plaintiff's objection to their participation, none would have been eligible. Two

of the three signed the 10–2 verdict. One of the two was necessary to reach the minimum of nine jurors required for a verdict. Thus, the error allowed a juror necessary to the verdict to serve although not eligible. The prejudice is obvious.

We reverse and remand for a new trial.

GRIMM, C.J., and WHITE, J., concur.